UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Courtney Motley,<br><br>    Petitioner<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Respondents | Case No.: 2:24-cv-01567-APG-NJK<br><br>**Order** |

This action is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Courtney Motley, a Nevada state prisoner.

**I.  *In Forma Pauperis* Application**

Motley has filed an *in forma pauperis* application with his petition. ECF No. 1.  Based on the information provided with his application, he is unable to pay the filing fee. Thus, I will grant the application and direct the Clerk to file Motley's petition. *See* 28 U.S.C. § 1915.

**II.  Review of Petition**

I have conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 4 requires me to examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d

1124, 1128 (9th Cir. 1998).  Because I conclude that it is plagued by procedural defects, the petition is dismissed without prejudice for the reasons discussed below.

      Motley seeks federal habeas relief from a judgment of conviction entered in the Eighth Judicial District Court for the State of Nevada adjudicating him guilty of numerous crimes, including three counts of sexual assault, burglary, two counts of battery, two counts of coercion, robbery, and first-degree kidnapping. ECF No. 1-1 at 2.  In his petition, Motley alleges several defects in the state criminal proceeding that resulted in his convictions.

      A review of Motley's case in the electronic filing database for the Eighth Judicial District Court reveals that his judgment of conviction was entered on May 6, 2024, and that he filed a notice of appeal on May 29, 2024. *See* Register of Actions, Case No. C-21-360475-1, www.clarkcountycourts.us.  Not surprisingly, a review of the Supreme Court of Nevada's electronic filing database shows that Motley's appeal is pending with briefing in progress. *See* C–Track Appellate Case Management System, Case No. 88757, www.caseinfo.nvsupremecourt.us.

      This action must be dismissed because all of Motley's federal habeas claims are unexhausted in state court.  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir.2004).  Because

Motley has not exhausted his federal habeas corpus claims in state court, his petition must be dismissed without prejudice under Rule 4.

In addition, dismissal is appropriate under the abstention doctrine. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Claims raised in federal habeas corpus proceedings are included within the *Younger* abstention doctrine. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir.1998); *Carden v. State of Montana*, 626 F .2d 82, 83–85 (9th Cir.1980), *cert. denied*, 449 U.S. 1014 (1980). The doctrine applies when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate. *Carden*, 626 F.2d at 83–84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In this case, all three elements of the *Younger* abstention doctrine are present. First, Motley's state criminal proceeding is ongoing and has not reached final adjudication. *See Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (finding the first *Younger* prong satisfied because petitioner was awaiting the state court of appeal's decision at the time he filed his petition). Second, the State of Nevada has an important interest in passing upon and correcting violations of a defendant's rights. Third, the state court criminal proceedings afford

an opportunity for Motley to raise the constitutional claims asserted in his federal habeas petition. Finally, Motley has not advanced any extraordinary circumstance why I should not abstain from entertaining the petition.

## IV. Conclusion

I THEREFORE ORDER that Motley's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Motley need not pay the $5.00 fee for filing this habeas corpus action. The Clerk is directed to file Motley's habeas petition (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2) as separate docket entries.

I FURTHER ORDER that the petition is DISMISSED without prejudice. The Clerk will enter judgment accordingly and close this case.

I FURTHER ORDER that the motion for appointment of counsel is DENIED as moot.

I FURTHER ORDER that a certificate of appealability is DENIED as jurists of reason would not find this decision debatable.

Dated: August 27, 2024

_____
U.S. District Judge Andrew P. Gordon